**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

KAIRAT KUDUSOV,           )
                                      )
           Petitioner,      )
                                      )
-vs-                       )      NO. CIV-26-0132-HE
                                      )
SCARLET GRANT, et al.,     )
                                      )
           Respondents.    )

## <u>ORDER</u>

Petitioner Kairat Kudusov, a citizen of Kyrgyzstan, was arrested and detained by United States Immigration and Customs Enforcement (ICE) officers on November 12, 2025. He is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma.

On January 26, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). He claims his detention, without the opportunity for release on bond, violates the Immigration and Nationality Act (INA) as well as the Fifth Amendment Due Process Clause and the Suspension Clause of the United States Constitution. Petitioner asserts that 8 U.S.C. § 1226(a), which allows for release on bond, applies to him. The petition requests petitioner's release from custody, or alternatively, a bond hearing pursuant § 1226(a). As directed, the federal respondents filed a response to the petition, and petitioner filed a reply. The court, upon review, concludes the petition should be granted in part.

According to the petition and record evidence, petitioner presented himself, on March 9, 2023, to United States Customs and Border Protection (CBP) for inspection at

the San Ysidro port of entry.  He presented himself pursuant to a scheduled CBP One humanitarian parole appointment.  Thereafter, petitioner was paroled into the United States pursuant to section 212(d)(5)(A) of the INA, specifically, 8 U.S.C. § 1182(d)(5)(A).  He was provided a Form I-94 authorizing his stay through March 7, 2024.  In addition, petitioner was served with a Notice to Appear (NTA) stating he was an "arriving alien" and charging that he was subject to removal from the United States under section 212(a)(7)(A)(i)(I) of the INA, specifically, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act," [Doc. #1-2, ECF p. 4]. The NTA ordered petitioner to appear before an immigration judge at the San Francisco immigration court on October 17, 2024.

On February 6, 2024, petitioner filed an application for asylum and was granted employment authorization.  With a valid work permit, he obtained a commercial driver's license and worked as a truck driver.  He maintained a fixed residence in San Jose, California.

On October 17, 2024, petitioner appeared at a master calendar hearing before an immigration judge, who confirmed petitioner had complied with all court orders and had submitted the required documentation.  The judge scheduled an individual hearing for petitioner on November 23, 2026.

During a routine regulatory inspection while operating his commercial truck, petitioner was arrested and detained by ICE.  Petitioner was transported for detention at the Cimmaron Correctional Facility.  Thereafter, his removal proceedings were transferred

to the immigration court in Aurora, Colorado, and then transferred to the immigration court in Cushing, Oklahoma.   According to an internet-based hearing notice, petitioner is currently scheduled for his individualized hearing on April 7, 2026 [Doc. # 10-4].

In their briefing, respondents assert that petitioner, whose humanitarian parole has expired and asylum application is pending, is an "arriving alien" who is "seeking admission," and therefore, subject to mandatory detention pursuant to § 1225(b)(2)(A).[1] The court, however, agrees with other district courts which have concluded that "[n]oncitizens who remain in the United States after their [humanitarian] parole ended are not 'arriving aliens.'"   Quintero v. Olson, Civil Action No. 4:26-cv-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. March 3, 2026) (citing cases).   And they are not "seeking admission" for purposes of § 1225(b)(2)(A), despite a pending asylum application.  *Id*. at *1 (citing cases); *see also*, Iza by Iza v. Larocco, ___ F. Supp. 3d ___, 2026 WL 31378, at *11 (E.D. N.Y. Jan. 5, 2026) ("[W]hile [petitioner's] application for asylum and withholding of removal may indicate that he continues to seek something, what he seeks is not admission or lawful entry to the United States, but to obtain a lawful means to remain here where he has been continuously residing for more than three years.") (quotation marks and emphasis omitted).

---

[1] *In their briefing, respondents contend that the court lacks jurisdiction over petitioner's habeas corpus petition under 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and § 1252(g).  In accordance with its prior decisions, the court rejects respondents' contention.  See* Huinil Diaz v. Noem, *Case No. CIV-26-104-HE, doc. no. 11, at *2 n. 1 (Feb. 24, 2026);* Ramirez Rojas v. Noem, *Case No. CIV-25-1236-HE, 2026 WL 94641, at *1(W.D. Okla. Jan. 13, 2026).*

The court concludes that § 1226(a) governs petitioner's detention, and thus, he is entitled to an individualized bond hearing.  The court will therefore grant the habeas corpus petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 11th day of March, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *The court declines to decide the merits of petitioner's Fifth Amendment Due Process Clause and Suspension Clause claims alleged in Counts Two and Three of the habeas corpus petition in light of its ruling that § 1226(a) governs petitioner's detention.  The court also declines to address the merits of petitioner's claim for attorneys' fees and costs under the Equal Access to Justice Act (EAJA) alleged in Count IV.  The EAJA requires a party seeking an award of fees and other expenses to file an application "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).*